NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 2 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VICTOR TORRES-MEJIA, aka Victor Torrez-Mejia,* <br><br> Petitioner-Appellee, <br><br> v. <br><br> JERRY HOWELL, Warden; ATTORNEY GENERAL OF THE STATE OF NEVADA, <br><br> Respondents-Appellants. | No. 23-2344 <br><br> D.C. No. 2:18-cv-681 <br><br> MEMORANDUM** |

Appeal from the United States District Court
for the District of Nevada
Richard Boulware, District Judge, Presiding

Submitted December 5, 2024***
San Francisco, California

Before: COLLINS, VANDYKE and MENDOZA, Circuit Judges.

---

\* The Clerk is directed to correct the docket to reflect the correct spelling of Petitioner Torres-Mejia.

\** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

Respondents appeal the district court's grant of Petitioner Victor Torres-Mejia's habeas petition under 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. § 2253 and review de novo a district court's decision to grant habeas relief. *Ochoa v. Davis*, 50 F.4th 865, 876 (9th Cir. 2022). We reverse.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, governs our review of Torres-Mejia's petition. *See Lindh v. Murphy*, 521 U.S. 320, 322, 336 (1997). Under AEDPA's deferential standard, Torres-Mejia must demonstrate that the last reasoned state court decision—here, the Nevada Supreme Court's opinion—is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). *See Wilson v. Sellers*, 584 U.S. 122, 125 (2018); *Andrews v. Davis*, 944 F.3d 1092, 1107 (9th Cir. 2019) (en banc).

In this case, the district court concluded that the Nevada Supreme Court unreasonably applied clearly established federal law regarding the right to counsel when it affirmed the state court's refusal to grant Torres-Mejia a continuance. A state court's decision unreasonably applies clearly established federal law if it "correctly identifies the governing legal rule [from Supreme Court precedent] but

2

applies that rule unreasonably to the facts." *White v. Woodall*, 572 U.S. 415, 426 (2014). "So long as 'fairminded jurists could disagree,' with respect to a state court's determination that a claim lacks merit, federal habeas relief will not be granted." *Dixon v. Ryan*, 932 F.3d 789, 801 (9th Cir. 2019) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011)).

The federal law at issue here is the right to counsel of choice. The Supreme Court has not outlined a precise rule for when the right to counsel of choice is violated, but it has acknowledged that "[t]rial judges necessarily require a great deal of latitude in scheduling trials." *Morris v. Slappy*, 461 U.S. 1, 11 (1983). A trial court must "balanc[e] the right to counsel of choice against the needs of fairness and against the demands of its calendar." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 152 (2006) (internal citations omitted). "[O]nly an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel." *Morris*, 461 U.S. at 11–12 (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964)).

Here, Torres-Mejia brought his request to continue the trial to substitute in new counsel six days before trial. The state trial court considered more than mere "expeditiousness," noting that multiple attorneys had represented Torres-Mejia, there had been many continuances, Torres-Mejia was represented by a competent attorney, and the state had objected to the prior continuances. When the Nevada

3

Supreme Court affirmed, it identified the applicable Supreme Court precedent and the state court's reasons for denying the request.

Moreover, given the untimeliness of the request, it is not clear that the request was "justifiable." At a minimum, "fairminded jurists could disagree," *Dixon*, 932 F.3d at 801 (quoting *Harrington*, 562 U.S. at 101), as to whether the decision was "unreasoning and arbitrary," *id.* at 805 (quoting *Morris*, 461 U.S. at 11–12). Accordingly, the Nevada Supreme Court's rejection of Torres-Mejia's right-to-counsel-of-choice claim was not an unreasonable application of clearly established federal law, and thus the district court erred in granting Torres-Mejia's habeas petition.

**REVERSED and REMANDED with instructions to deny the petition for writ of habeas corpus.**